**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY, INC., | Case No. 24-cv-00012 |
| Plaintiff, | **Judge Virginia M. Kendall** |
| v. | **Magistrate Judge Keri L. Holleb Hotaling** |
| FOSHAN YU JUN JEWELRY COMPANY LIMITED, et al., | |
| Defendants. | |

## PLAINTIFF'S MOTION TO COMPEL

Plaintiff Harley-Davidson Motor Company, Inc. ("Plaintiff" or "Harley-Davidson") hereby moves this Honorable Court, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Defendant Shandong Xinhuizhan Trade Co., Ltd. (Def. No. 6) ("Defendant") to respond fully to Plaintiff's First Set of Interrogatories, and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things.

## BACKGROUND

Defendant operates an e-commerce store on Alibaba.com online marketplace platform hosted by Alibaba Group Holding Ltd. ("Alibaba"), where it has advertised, offered for sale, and sold an unauthorized product, namely a flag, that infringes Plaintiff's registered trademarks (the "Harley-Davidson Trademarks"). *See* Declaration of Justin R. Gaudio (the "Gaudio Decl.") at ¶ 2. On January 9, 2024, this Court granted Plaintiff's Motion for Entry of a Temporary Restraining Order (the "TRO") [23]. This Court subsequently entered a Preliminary Injunction against the Defendants [37]. Paragraph 8 of the TRO permitted Plaintiff to issue expedited written discovery to Defendants via e-mail, with Defendants' responses due within three business days. [23] at ¶ 8.

On February 1, 2024, pursuant to the TRO [23], Plaintiff served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendant. *See* Gaudio Decl. at ¶ 3. The response deadline to Plaintiff's Discovery Requests elapsed on February 7, 2024.

**Local Rule 37.2 Meet and Confer Certification**

On February 28, 2024, Plaintiff sent an email to Defendant's counsel advising that the deadline to respond to Plaintiff's Discovery Requests had elapsed and requested availability for a Local Rule 37.2 meet-and-confer conference for February 29, 2024. Gaudio Decl. at ¶ 4. A Local Rule 37.2 meet-and-confer conference was held on February 29, 2024, with Defendant's counsel regarding Defendant's failure to respond to Plaintiff's Discovery Requests. *Id*. On the call, Plaintiff requested full and complete responses by 9 AM CT on March 4, 2024. *Id*. On March 3, 2024, Defendant provided Plaintiff with Defendant's responses to Plaintiff's Discovery Requests. *Id*. at ¶ 5. Defendant's counsel did not produce any documents in response to Plaintiff's Requests for Production nor responded fully to Plaintiff 's Interrogatories. *Id*. On March 25, 2024, Defendant filed its Answer to Plaintiff's Complaint (the "Answer"). [66]. On April 17, 2024, Plaintiff sent Defendant an email requesting a Rule 26(f) Conference as well as a further Rule 37.2 meet-and-confer conference to discuss Defendant's deficient discovery responses. *Id*. at ¶ 6. On April 26, 2024, the parties held the conference and discussed the discovery responses. *Id*. On May 7, 2024, Plaintiff sent Defendant an email containing a letter that discussed in detail the deficiencies of Defendant's responses to Plaintiff's Discovery Requests and further requested another Local Rule 37.2 meet-and-confer conference. *Id*. at ¶ 7. On May 8, 2024, Defendant provided Plaintiff with Defendant's amended responses to Plaintiff's Discovery Responses. *Id*. at ¶ 8. On May 15, 2024, the parties held another Local Rule 37.2 meet-and-confer conference to

2

discuss the deficiencies in the amended discovery responses. *Id*. at ¶ 9. Plaintiff requested full and complete responses by 9AM CT on May 22, 2024. Defendant failed to provide any response by said deadline or thereafter.

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the responses without court action.

## ARGUMENT

### I.    Legal Standard

Discovery under the Federal Rules of Civil Procedure "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351 (1978). This standard envisions and requires open, far-reaching discovery. *See United States v. Farley,* 11 F.3d 1385, 1390 (7th Cir. 1993) ("The Federal Rules of Civil Procedure contemplate broad discovery"). Also, Rule 37 provides that a party may seek to compel discovery in situations where a responding party refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

### II.   Defendant Should Be Required to Provide Complete Responses to Plaintiff's Discovery Responses to Plaintiff's Discovery Requests

Defendant has continuously delayed and failed to produce written responses and documents to Plaintiff's Discovery Requests. At present, Defendant has only provided deficient responses to the RFAs and Interrogatories. *See* Gaudio Decl. at ¶¶ 5, 8. The responses are deficient as they do not provide platform registration information and documentation related to the Defendant's product listing. Defendant has also not produced any documents requested by Plaintiff in the RFPs. *See, e.g.*, *Zambrano v. Sparkplug Capital, LLC*, NO. 19 CV 100, 2020 WL 1847396, at *1 (N.D. Ill. Apr. 13, 2020) (finding that the failure to timely respond to discovery requests

waived party's right to object to the requests) (citing cases). Defendant's initial and amended responses also designated multiple responses to Plaintiff's Discovery Requests as "confidential" and "trade secrets," while the information requested is necessary to verify Defendant's financial, accounting, and sales information.

Additionally, Defendant has not performed a search to determine how many total infringing products were sold on Defendant's e-commerce store or on any of the other e-commerce stores that Defendant may operate. Likewise, it is unknown whether Defendant had other infringing listings that were no longer active at the time Plaintiff learned of Defendant's infringement. Defendant has not turned over images and information regarding other product listings so that Plaintiff could review and determine if any additional products were infringing. It is not unreasonably burdensome for Defendant to perform a search and provide information and documentation regarding products that were listed for sale on its Alibaba store for the five years. *See Volkswagen Group of America, Inc. v. The P'ships & Unincorporated Ass'ns Identified on Schedule "A", et. al.*, No. 21-cv-04758 (N.D. Ill. July 1, 2022) (unpublished) (Dkt. Nos. 66-67) (Kennelly, J.) (ordering Amazon.com store operator defendant to produce information for all products that were advertised and offered for sale on its e-commerce store within the previous year, including images of the products, prices, and sales data).

Plaintiff has conveyed to Defendant's counsel the deficiencies of these documents several times and Defendant has refused to provide complete responses to Plaintiff's Discovery Requests. Plaintiff has not received any other documentation or responses despite its best efforts and good faith discussions with Defendants' counsel.

## **<u>CONCLUSION</u>**

For the reasons stated above, Plaintiff respectfully requests that this Court compel Defendant to respond fully to Plaintiff's First Set of Interrogatories and to produce documents responsive to Plaintiff's First Set of Requests for the Production of Documents and Things.

Dated this 5th day of June 2024.　　　　Respectfully submitted,

<u>/s/ Justin R. Gaudio</u>
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff*
*Harley-Davidson Motor Company, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of June 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send a "Notice of E-Filing" to the attorneys of record in this case.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff*
*Harley-Davidson Motor Company, Inc.*