IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HARLEY-DAVIDSON MOTOR COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> FOSHAN YU JUN JEWELRY COMPANY LIMITED, et al., <br><br> Defendants. | Case No. 24-cv-00012 <br><br> **Judge Virginia M. Kendall** <br><br> **Magistrate Judge Keri L. Holleb Hotaling** |

**PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37 FOR FAILURE TO RESPOND TO DISCOVERY REQUESTS**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure, Plaintiff Harley-Davidson Motor Company, Inc. ("Plaintiff") moves this Honorable Court to strike Defendant Shandong Xinhuizhan Trade Co., Ltd.'s (Def. No. 6) ("Defendant") Answer to Plaintiff's Complaint ("Defendant's Answer") [66] since Defendant has failed to fully respond to Plaintiff's discovery requests.

**BACKGROUND**

Defendant operates an e-commerce store on the Alibaba.com online marketplace platform hosted by Alibaba Group Holding Ltd. ("Alibaba"), where it advertised, offered for sale, and sold an unauthorized product, namely a flag, that infringes Plaintiff's registered trademarks (the "Harley-Davidson Trademarks"). *See* Declaration of Justin R. Gaudio (the "Gaudio Decl.") at ¶ 2. On January 9, 2024, this Court granted Plaintiff's Motion for Entry of a Temporary Restraining Order (the "TRO"). [23]. This Court subsequently entered a Preliminary Injunction against Defendant. [37]. Paragraph 8 of the TRO permitted Plaintiff to issue expedited written discovery

to Defendants via e-mail, with Defendants' responses due within three business days. [23] at ¶ 8. On February 1, 2024, pursuant to the TRO [23], Plaintiff served its First Set of Interrogatories ("Interrogatories"), First Set of Requests for Admissions ("RFAs"), and First Set of Requests for Production ("RFPs") (collectively, "Plaintiff's Discovery Requests") on Defendant. *See* Gaudio Decl. at ¶ 3. The response deadline to Plaintiff's Discovery Requests elapsed on February 7, 2024.

## Local Rule 37.2 Meet and Confer Certification

On February 28, 2024, Plaintiff sent an email to Defendant's previous counsel advising that the deadline to respond to Plaintiff's Discovery Requests had elapsed and requested availability for a Local Rule 37.2 meet-and-confer conference for February 29, 2024. Gaudio Decl. at ¶ 4. On February 29, 2024, a local Rule 37.2 meet-and-confer conference was held with Defendant's previous counsel regarding Defendant's failure to respond to Plaintiff's Discovery Requests. *Id*. On the call, Plaintiff requested full and complete responses by 9 AM CT on March 4, 2024. *Id*. On March 3, 2024, Defendant provided Plaintiff with Defendant's responses to Plaintiff's Discovery Requests. *Id*. at ¶ 5. Defendant did not produce any documents in response to Plaintiff's RFPs nor respond fully to Plaintiff's Interrogatories. *Id*. On March 25, 2024, Defendant filed its Answer [66].

On April 17, 2024, Plaintiff sent Defendant an email requesting a Rule 26(f) Conference as well as a further Rule 37.2 meet-and-confer conference to discuss Defendant's deficient discovery responses. *Id*. at ¶ 6. On April 26, 2024, the parties held the conference and discussed the discovery responses. *Id*. On May 7, 2024, Plaintiff sent Defendant an email containing a letter that discussed in detail the deficiencies of Defendant's responses to Plaintiff's Discovery Requests and further requested another Local Rule 37.2 meet-and-confer conference. *Id*. at ¶ 7. On May 8, 2024, Defendant provided Plaintiff with Defendant's amended responses to Plaintiff's Discovery

Responses which still did not produce any documents in response to Plaintiff's RFPs nor respond fully to Plaintiff's Interrogatories. *Id*. at ¶ 8.

On May 15, 2024, the parties held another Local Rule 37.2 meet-and-confer conference to discuss the deficiencies in the amended discovery responses. *Id*. at ¶ 9. Plaintiff requested full and complete responses by 9 AM CT on May 22, 2024. *Id*. On May 15, 2024, Plaintiff sent a confirmation email of the deadline to Defendants' counsel, but Defendant failed to provide any response by said deadline or thereafter. *Id*. On June 7, 2024, Defendant's previous counsel filed a Motion to Withdraw as Counsel [96] which was granted by this Court [97]. On June 11, 2024, Plaintiff sent Defendant an email requesting a Rule 37.2 meet-and-confer conference to discuss Defendant's deficient discovery responses on June 17, 2024. *Id*. at ¶ 10. Defendant did not respond to the request nor show up to the June 17, 2024, conference. *Id*.

Pursuant to Local Rule 37.2, Plaintiff certifies that the movant has in good faith attempted to confer with the party failing to act in an effort to obtain the responses without court action.

## ARGUMENT

I. **Legal Standard**

Rule 37 provides that a court may order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Fed. R. Civ. P. 37(d)(3). This includes, among other sanctions, striking a pleading. Fed. R. Civ. P. 37(b)(2)(A)(iii). Rule 37(d) also mandates that the noncompliant party and/or its counsel "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

"Judges must be able to enforce deadlines. Doing so means the use of sanctions, even severe ones such as default, when parties ignore the ongoing proceedings . . ." *Patterson v. Coca-Cola Bottling Co.*, 852 280, 283 (7th Cir. 1998) (citing *Matter of Kilgus*, 811 F.2d 1112, 1118 (7th Cir. 1987)). Moreover, federal courts have the inherent power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which encompasses "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Domanus v. Lewicki*, 288 F.R.D. 416, 419 (N.D. Ill. 2013), *aff'd*, 742 F.3d 290 (7th Cir. 2014).

**II.     Defendant's Answer Should be Stricken**

Sanctions under Rule 37 "are proper upon a finding of willfulness, bad faith, or fault on the part of the noncomplying litigant." *Melendez v. Ill. Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996). In this case, Defendant failed to respond to Plaintiff's Discovery Requests as required under the Federal Rules of Civil Procedure. Sanctions are particularly appropriate here because Defendant is "gaming the system" by filing its Answer, creating the need to conduct discovery, and then failing and refusing to produce any documents or provide any information, in violation of the Court's Order [23] and the Federal Rules of Civil Procedure. *See Webb v. CBS Broadcasting, Inc.*, 2010 WL 2104179 (N.D. Ill. May 25, 2010) (requiring party to show cause why they should not be barred from presenting evidence after that party failed to meet discovery deadlines and had "not produced a single document in response to any of [movant's] requests").

Striking Defendant's Answer is a properly tailored sanction and authorized under Rule 37(d)(1)(A)(ii). *see Rimowa GmbH v. The Partnerships, et al.*, No. 21-cv-04865 (N.D. Ill. Jan. 26, 2022) (unpublished) (Docket No. 88) (denying defendants' motion to dismiss as a sanction for failing to respond to discovery requests); *Nike, Inc. v. The Partnerships, et al.*, No. 23-cv-01497 (N.D. Ill. Apr. 20, 2023) (unpublished) (Docket No. 36) (striking defendant's motion to dismiss

and dissolve the restraining order as a sanction for failing to respond to discovery requests). Plaintiff is also entitled to reasonable expenses, including attorney's fees. *See* Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3); *see Shales v. T. Manning Concrete, Inc.*, 847 F. Supp. 2d 1102 (N.D. Ill. 2012) (noting, that attorney's fees and costs are appropriate as a deterrent even if the moving party cannot recover).

Defendants' responses are evasive, incomplete, and should be treated as a failure to respond. *See* Fed. R. Civ. P. 37(a)(4) ("[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *see also Johnson v. Kakvand*, 192 F.3d 656, 660 (7th Cir. 1999) (affirming sanctions for discovery abuses based in part on party's discovery responses objecting to nearly every interrogatory and production request and responding "investigation continues" to the remainder.). The party must produce the requested records—or "state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B); *Kinon Surface Design v. Hyatt Int'l Corp.*, No. 19 C 7736, 2021 U.S. Dist. LEXIS 149893, at *8 (N.D. Ill. Aug. 10, 2021). Defendant's responses to Plaintiff's Discovery Requests are incomplete. For example, the responses did not provide information regarding Defendant's registration on the Alibaba.com platform and documentation related to Defendant's listing for its infringing product. Defendant has also not produced any documents requested by Plaintiff's RFPs. Defendants' responses must be treated as a failure to respond. *See* Fed. R. Civ. P. 37(a)(4).

## **CONCLUSION**

For the reasons stated above, Plaintiff respectfully requests that this Court strike Defendant's Answer [66].

Dated this 19th day of June 2024.	Respectfully submitted,

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor C. Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff*
*Harley-Davidson Motor Company, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of June 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, I will electronically publish the documents on a website and I will send an e-mail to Defendant's e-mail addresses, fayli@jiezuoflag.com and jzflag@foxmail.com, that includes a link to said website.

/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Marcella D. Slay
Trevor Talhami
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
mslay@gbc.law
ttalhami@gbc.law

*Counsel for Plaintiff*
*Harley-Davidson Motor Company, Inc.*